# EXHIBIT B

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO. 14-20560-CIV-MOORE/MCALILEY**

-----------------------------------------------------------------x
HAWAIIAN AIRLINES, INC. :

Plaintiff, :

- against - :

AAR AIRCRAFT SERVICES, INC., f/k/a :
AAR AIRCRAFT SERVICES - MIAMI, INC.,
and MANKIEWICZ COATINGS, LLC :

Defendants. :
-----------------------------------------------------------------x

**PLAINTIFF HAWAIIAN AIRLINES, INC.'S**
**SECOND REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS**

PLEASE TAKE NOTICE that pursuant to Rule 34 of the Federal Rules of Civil Procedure and Local Rule 26.1(g) of the Southern District of Florida, plaintiff HAWAIIAN AIRLINES, INC. ("HAL"), by and through its attorneys Robert C. Owens, P.A. and Condon & Forsyth LLP, hereby requests that defendant MANKIEWICZ COATINGS, LLC ("Mankiewicz") produce for inspection and copying originals of the following items or, if originals are unavailable, copies thereof at the offices of Condon & Forsyth LLP, 7 Times Square, New York, New York, 10036 within thirty (30) days:

**DEFINITIONS**

(a) The words "you," "yours" and/or "yourselves" means Mankiewicz and any directors, officers, employees, agents, representatives or other persons acting, or purporting to act, on behalf of Mankiewicz.

(b) The singular shall include the plural and vice versa; the terms "and" or "or" shall be both conjunctive and disjunctive; and the terms "include," "includes," and "including" mean "including without limitation".

(c) The word "document" shall mean any writing, recording, electronically stored information or photograph in your actual or constructive possession, custody, care or control, which pertain directly or indirectly, in whole or in part, either to any of the subjects listed below or to any other matter relevant to the issues in this action, or which are themselves listed below as specific documents, including but not limited to: correspondence, memoranda, notes, messages, diaries, minutes, books, reports, charts, ledgers, invoices, computer printouts, microfilms, videotapes or tape recordings.

(d) The word "agent" shall mean: any agent, employee, officer, director, attorney, independent contractor or any other person acting at the direction of or on behalf of another.

(e) The word "person" shall mean any individual, corporation, proprietorship, partnership, trust, association or any other entity.

(f) The words "pertain to" or "pertaining to" mean: relates to, refers to, contains, concerns, describes, embodies, mentions, constitutes, constituting, supports, corroborates, demonstrates, proves, evidences, shows, refutes, disputes, rebuts, controverts, or contradicts.

(g) The term "third party" or "third parties" refers to individuals or entities that are not a party to this action.

(h) The term "action" shall mean the case entitled Hawaiian Airlines, Inc. v. AAR Aircraft Services, Inc., f/k/a AAR Aircraft Services – Miami, Inc., and Mankiewicz Coatings, LLC, Case No. 14-20560-CIV-MOORE/MCALILEY, pending in the United States District Court for the Southern District of Florida.

(i) The word "communication" means: the transmittal of information (in the form of facts, ideas, inquiries or otherwise), including any type of oral, written, or other communication whatsoever, including without limitation, telephone calls, voice mail messages, answering machine messages, emails, and text messages.

(j) The word "Complaint" means the First Amended Complaint filed as Docket Entry 27.

## INSTRUCTIONS

If you object to fully identifying a document, electronically stored information, or oral communication because of a privilege, you must nevertheless provide the following information pursuant to Local Rule 26.1(g)(3)(B)(ii), unless divulging the information would disclose the privileged information:

(1) the nature of the privilege claimed (including work product);

(2) if the privilege is being asserted in connection with a claim or defense governed by state law, the state privilege rule which is being invoked;

(3) the date of the document, electronically stored information, or oral communication;

(4) if a document: its type (i.e. correspondence, memorandum, facsimile, etc.) and, if electronically stored information, the software application used to create it (i.e. MS Word or MS Excel Spreadsheet), and the custodian, location, and such other information sufficient to identify the material for a subpoena duces tecum or a production request, including where appropriate the author, the addressee, and, if not apparent, the relationship between the author and addressee;

(5) if an oral communication: the place where it was made, the names of the persons present while it was made, and, if not apparent, the relationship of the persons present to the declarant; and

(6) the general subject matter of the document, electronically stored information, or oral communication.

You are under a continuous obligation to supplement your answers to these requests under the circumstances specified in Fed. R. Civ. P. 26(e).

**SECOND REQUEST FOR PRODUCTION OF DOCUMENTS**

**REQUEST NO. 38:**

All AAR AIRCRAFT SERVICES, INC., f/k/a AAR AIRCRAFT SERVICES - MIAMI, INC. ("AAR") Purchase Orders and corresponding Mankiewicz Order Confirmations for the purchase of pretreatment, primer, basecoat and clearcoat products to be used on the exterior of HAL's B717 aircraft that were painted from January 1, 2010 to present, including but not limited to, the purchase of Alodine and PreKote pretreatment, Seevenax H/S-CF-Primer 113-44, Alexit – H/S BaseCoat 411-22, and Alexit-H/S ClearCoat 411-14.

**REQUEST NO. 39:**

All LEADING EDGE AVIATION SERVICES, INC. ("LE") Purchase Orders and corresponding Mankiewicz Order Confirmations for the purchase of pretreatment, primer, basecoat and clearcoat products to be used on the exterior of HAL's B717 aircraft that were painted from January 1, 2010 to present, including but not limited to, the purchase of Alodine and PreKote pretreatment, Seevenax H/S-CF-Primer 113-44, Alexit – H/S Basecoat 411-22, and Alexit-H/S Clearcoat 411-14.

**REQUEST NO. 40:**

The Material Safety Data Sheets ("MSDS") and Technical Data Sheets ("TDS") from 2007 to present for all of the Mankiewicz paint products that were applied to the exterior fuselage of HAL's B717 aircraft that were painted from January 1, 2010 to present, including but not limited to, the purchase of Alodine and PreKote pretreatment, Seevenax H/S-CF-Primer 113-44, Alexit – H/S Basecoat 411-22, and Alexit-H/S Clearcoat 411-14.

**REQUEST NO. 41:**

The Material Safety Data Sheets ("MSDS") and Technical Data Sheets ("TDS") for all of the Mankiewicz products that were applied to the dry paint panels submitted to Boeing for corrosion testing in 2008. See HAL Exhibit 8 for product details.

**REQUEST NO. 42:**

All documents relating to any reformulations of the following Mankiewicz products: (1) pretreatment – Alodine 1200 Type 1 Class 1A; (2) primer - Seevenax H/S CF Primer 113-44; (3) basecoat – Alexit H/S Basecoat 411-22; and (4) clearcoat - Alexit H/S Clearcoat 411-14 since January 1, 2007.

**REQUEST NO. 43:**

All documents relating to any filiform corrosion testing of the following Mankiewicz products: (1) pretreatment – Alodine 1200 Type 1 Class 1A; (2) primer - Seevenax H/S CF Primer 113-44; (3) basecoat – Alexit H/S Basecoat 411-22; and (4) clearcoat - Alexit H/S Clearcoat 411-14 since January 1, 2007.

**REQUEST NO. 44:**

All documents relating to the specifications adhered to by Mankiewicz to complete any filiform corrosion testing of the following Mankiewicz products: (1) pretreatment – Alodine

1200 Type 1 Class 1A; (2) primer - Seevenax H/S CF Primer 113-44; (3) basecoat – Alexit H/S Basecoat 411-22; and (4) clearcoat - Alexit H/S Clearcoat 411-14 since January 1, 2007.

**REQUEST NO. 45:**

The mixing and application instructions for the following Mankiewicz products: (1) pretreatment – Alodine 1200 Type 1 Class 1A; (2) primer - Seevenax H/S CF Primer 113-44; (3) basecoat – Alexit H/S Basecoat 411-22; and (4) clearcoat - Alexit H/S Clearcoat 411-14 since January 1, 2007.

**REQUEST NO. 46:**

Aerospace Material Specification ("AMS") certification documents stating whether the following Mankiewicz products are certified to AMS 3095 or AMS 3095A: (1) pretreatment – Alodine 1200 Type 1 Class 1A; (2) primer - Seevenax H/S CF Primer 113-44; (3) basecoat – Alexit H/S Basecoat 411-22; and (4) clearcoat - Alexit H/S Clearcoat 411-14.

**REQUEST NO. 47:**

All testing data relating to testing of the following Mankiewicz products to Aerospace Material Specification AMS 3095 and AMS 3095A: (1) pretreatment – Alodine 1200 Type 1 Class 1A; (2) primer - Seevenax H/S CF Primer 113-44; (3) basecoat – Alexit H/S Basecoat 411-22; and (4) clearcoat - Alexit H/S Clearcoat 411-14.

**REQUEST NO. 48:**

All testing data relating to testing of the following Mankiewicz products to Boeing Material Specification 10-72: (1) pretreatment – Alodine 1200 Type 1 Class 1A; (2) primer - Seevenax H/S CF Primer 113-44; (3) basecoat – Alexit H/S Basecoat 411-22; and (4) clearcoat - Alexit H/S Clearcoat 411-14.

**REQUEST NO. 49:**

All testing data relating to testing of the following Mankiewicz products to Douglas Material Specification 2104: (1) pretreatment – Alodine 1200 Type 1 Class 1A; (2) primer - Seevenax H/S CF Primer 113-44; (3) basecoat – Alexit H/S Basecoat 411-22; and (4) clearcoat - Alexit H/S Clearcoat 411-14.

**REQUEST NO. 50:**

All testing data relating to testing of the following Mankiewicz products to Douglas Material Specification 2115: (1) pretreatment – Alodine 1200 Type 1 Class 1A; (2) primer - Seevenax H/S CF Primer 113-44; (3) basecoat – Alexit H/S Basecoat 411-22; and (4) clearcoat - Alexit H/S Clearcoat 411-14.

**REQUEST NO. 51:**

All data stemming from any reformulation of the Mankiewicz paint system as a whole, as well as any of its component parts individually (*i.e.* basecoat 411-22, clearcoat 411-14, primer 113-44 and pretreatment).

**REQUEST NO. 52:**

The Aerospace Material Specification AMS 3095A QPL (Qualified Parts List) lists for B717's from 2007 to present.

**REQUEST NO. 53:**

The Douglas Material Specification 2104 QPL (Qualified Parts List) lists for B717's from 2007 to present.

**REQUEST NO. 54:**

The Douglas Material Specification 2115 QPL (Qualified Parts List) lists for B717's from 2007 to present.

**REQUEST NO. 55:**

The Boeing Material Specification 10-72 QPL (Qualified Parts List) lists for B717's from 2007 to present.

**REQUEST NO. 56:**

All Mankiewicz trip reports relating to HAL's B717 aircraft from January 1, 2007 to present.

**REQUEST NO. 57:**

All work orders and task cards relating to HAL's B717 aircraft that were painted from January 1, 2010 to present and which are the subject matter of this action.

**REQUEST NO. 58:**

Any and all documents and communications relating to thickness measurements taken by Mankiewicz, its agents, employees, representatives, and/or servants of HAL's B717 aircraft that were painted in 2010-2011 and which are the subject matter of this action, and which are referenced in M0536.

**REQUEST NO. 59:**

Any and all documents and communications relating to surveys, analyses, tests, or other data collected by Mankiewicz, its agents, employees, representatives, and/or servants upon completion of the painting of each of HAL's B717 aircraft that were painted from January 1, 2010 to present and which are the subject matter of this action, including but not limited to, how the paint system was applied, the mixing ratios used, the temperature of the application environment, who performed the application, and how stripping and repainting was completed.

**REQUEST NO. 60:**

Any and all documents and communications between Mankiewicz, its agents, employees, representatives, and/or servants and Dara Ung of Boeing relating to the following Mankiewicz paint products: (1) pretreatment – Alodine 1200 Type 1 Class 1A; (2) primer - Seevenax H/S CF Primer 113-44; (3) basecoat – Alexit H/S Basecoat 411-22; and (4) clearcoat - Alexit H/S Clearcoat 411-14.

**REQUEST NO. 61:**

The names of any expert witnesses that Mankiewicz intends to call at the trial of this case, as well as a description of their qualifications as an expert, the subject matter upon which they are expected to testify, the substance of the facts and opinions to which they are expected to testify, and a summary of the grounds for each opinion.

**REQUEST NO. 62:**

Wet paint samples for filiform corrosion testing to be completed to Douglas Material Specifications 2104 and 2115 of the following Mankiewicz paint products: (1) pretreatment – Alodine 1200 Type 1 Class 1A; (2) primer - Seevenax H/S CF Primer 113-44; (3) basecoat – Alexit H/S Basecoat 411-22; and (4) clearcoat - Alexit H/S Clearcoat 411-14. The formulas of each product must match the formulas of the products sold by Mankiewicz for application on HAL's B717 aircraft which are the subject of this action.

**REQUEST NO. 63:**

Wet paint samples for application testing to be completed to Boeing application specifications of the following Mankiewicz paint products: (1) pretreatment – Alodine 1200 Type 1 Class 1A; (2) primer - Seevenax H/S CF Primer 113-44; (3) basecoat – Alexit H/S Basecoat 411-22; and (4) clearcoat - Alexit H/S Clearcoat 411-14. The formulas of each product

must match the formulas of the products sold by Mankiewicz for application on HAL's B717 aircraft which are the subject of this action.

**REQUEST NO. 64:**

Any and all documents and communications relating to surveys, analyses, tests, or other data collected by Mankiewicz, its agents, employees, representatives, and/or servants arising from the paint chip that Mankiewicz took from a HAL B717 aircraft that was painted from January 1, 2010 to present and which is the subject matter of this action, and which is referenced in HAL012762 – HAL012763.

Dated: January 27, 2015

Respectfully Submitted,

/s/ *Anthony U. Battista*
By______________________________

Anthony U. Battista, Esq. (*pro hac vice*)
abattista@condonlaw.com
Christopher R. Christensen, Esq. (*pro hac vice*)
cchristensen@condonlaw.com
Condon & Forsyth LLP
7 Times Square
New York, New York 10036
Telephone: 212-490-9100
Facsimile: 212-370-4453

And

Robert C. Owens
Fla. Bar No. 273988
bobowens@avlaw.com
ROBERT C. OWENS, P.A.
18890 SW 264th Street
Miami (Homestead), Florida 33031
Telephone: 305-245-6813
Facsimile: 305-245-6403

*Attorneys for Plaintiff*
HAWAIIAN AIRLINES, INC.

THIS PAGE INTENTIONALLY LEFT BLANK

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 14-20560-CIV-MOORE/MCALILEY

-------------------------------------x
HAWAIIAN AIRLINES, INC.

Plaintiff,

- against -

AAR AIRCRAFT SERVICES, INC., f/k/a AAR AIRCRAFT SERVICES - MIAMI, INC., and MANKIEWICZ COATINGS, LLC

Defendants.
-------------------------------------x

**DEFENDANT, MANKIEWICZ COATINGS, LLC'S RESPONSE TO PLAINTIFF'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS**

Defendant, Mankiewicz Coatings, LLC, pursuant to the Federal Rules of Civil Procedure and the Local Rules for the Southern District of Florida, by and through its undersigned counsel, hereby responds to Plaintiff's Second Request for Production of Documents and Things (the "Second Request") served herein on January 27, 2015, as follows:

**GENERAL OBJECTIONS AND STATEMENTS**

1. Defendant generally objects to the Second Request to the extent it attempts to impose upon Defendant any obligation different from or in addition to those imposed by the Federal Rules of Civil Procedure, any applicable local rules of this Court, or orders of the Court.

2. Defendant objects to the production of any of the documents described in the Second Request to the extent the Second Request seeks documents subject to and protected by the attorney-client privilege and/or the work product privilege.

3. Defendant reserves the right to supplement, amend or correct all or any part of the responses provided herein.

4. By producing documents pursuant to any item of the Second Request, Defendant does not: (i) admit that such documents (or related documents) are properly discoverable; (ii) waive any objection which might otherwise be made to such documents; or (iii) admit that such documents are admissible at trial.

5. Defendant has already produced certain documents to Plaintiff as part of Defendant's Rule 26 Initial Disclosures and in Response to Plaintiff's First Request for Production of Documents in this case. To the extent that the Second Request calls for the production of documents duplicative of those which Defendant has already produced, Defendant reserves the right to withhold duplicative documentation.

Without waiver of any of the foregoing, Defendant responds and specifically objects as follows:

**DOCUMENT REQUESTS**

38. Defendant does not possess any responsive documents relating to Alodine or PreKote pretreatment, as it does not manufacture, sell, or distribute either product. Subject to the foregoing, Defendant will produce all responsive, non-privileged, documents described in paragraph 38 at a time and place mutually convenient to respective counsel for the parties.

39. Defendant does not possess any responsive documents relating to Alodine or PreKote pretreatment, as it does not manufacture, sell, or distribute either product. Subject to the foregoing, Defendant will produce all responsive, non-privileged documents described in paragraph 39 at a time and place mutually convenient to respective counsel for the parties.

40. Defendant objects to this Request to the extent that it is overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Request to the extent it asserts or implies that Alodine and PreKote are products of Defendant, as Defendant does not manufacture, distribute, or sell these pretreatments. Subject to and without waiving these objections, to the extent not already produced, Defendant will produce all responsive, non-privileged, documents described in paragraph 40 at a time and place mutually convenient to respective counsel for the parties.

41. To the extent not already produced, Defendant will produce all responsive, non-privileged, documents described in paragraph 41 at a time and place mutually convenient to respective counsel for the parties.

42. Defendant objects to this Request to the extent it asserts or implies that Alodine 1200 Type 1 Class 1A is a product of Defendant, as Defendant does not manufacture, distribute, or sell Alodine 1200. Subject to and without waiving the foregoing objection, Defendant does not have any documents responsive to this Request in its possession, custody, or control.

43. Defendant objects to this Request to the extent it asserts or implies that Alodine 1200 Type 1 Class 1A is a product of Defendant, as Defendant does not manufacture, distribute, or sell Alodine. Subject to and without waiving the foregoing objection, to the extent not already produced, Defendant will produce all responsive, non-privileged, documents described in paragraph 43 at a time and place mutually convenient to respective counsel for the parties.

44. Defendant objects to this Request to the extent it asserts or implies that Alodine 1200 Type 1 Class 1A is a product of Defendant, as Defendant does not manufacture, distribute, or sell Alodine. Subject to and without waiving the foregoing objection, to the extent not already produced,

Defendant will produce all responsive, non-privileged, documents described in paragraph 44 at a time and place mutually convenient to respective counsel for the parties.

45. Defendant objects to this Request to the extent it asserts or implies that Alodine 1200 Type 1 Class 1A is a product of Defendant, as Defendant does not manufacture, distribute, or sell Alodine. Subject to and without waiving the foregoing objection, Defendant refers Plaintiff to the Technical Data Sheets it has produced in this action.

46. Defendant objects to this Request to the extent it asserts or implies that Alodine 1200 Type 1 Class 1A is a product of Defendant, as Defendant does not manufacture, distribute, or sell Alodine. Subject to and without waiving the foregoing objection, to the extent not already produced, Defendant will produce all responsive, non-privileged, documents described in paragraph 46 at a time and place mutually convenient to respective counsel for the parties.

47. Defendant objects to this Request to the extent it asserts or implies that Alodine 1200 Type 1 Class 1A is a product of Defendant, as Defendant does not manufacture, distribute, or sell Alodine. Subject to and without waiving the foregoing objection, to the extent not already produced, Defendant will produce all responsive, non-privileged, documents

described in paragraph 47 at a time and place mutually convenient to respective counsel for the parties.

48. Defendant objects to this Request to the extent it asserts or implies that Alodine 1200 Type 1 Class 1A is a product of Defendant, as Defendant does not manufacture, distribute, or sell Alodine. Subject to and without waiving the foregoing objection, Defendant is not aware that Boeing Material Specification 10-72 testing has been performed on Defendant's products on top of an Alodine pretreatment and does not have any documents responsive to this Request.

49. Defendant objects to this Request to the extent it asserts or implies that Alodine 1200 Type 1 Class 1A is a product of Defendant, as Defendant does not manufacture, distribute, or sell Alodine. Subject to and without waiving the foregoing objection, Defendant does not have any documents responsive to this Request.

50. Defendant objects to this Request to the extent it asserts or implies that Alodine 1200 Type 1 Class 1A is a product of Defendant, as Defendant does not manufacture, distribute, or sell Alodine. Subject to and without waiving the foregoing objection, Defendant does not have any documents responsive to this Request.

51. Defendant objects to this Request as overly broad. Subject to and without waiving the foregoing objection,

Defendant does not have any documents responsive to this Request within its possession, custody, or control.

52. Defendant does not have any documents responsive to this Request within its possession, custody, or control.

53. Defendant does not have any documents responsive to this Request within its possession, custody, or control.

54. Defendant does not have any documents responsive to this Request within its possession, custody, or control.

55. Defendant does not have any documents responsive to this Request within its possession, custody, or control.

56. Defendant has previously produced all documents responsive to this Request.

57. Defendant does not have any documents responsive to this Request within its possession, custody, or control.

58. Defendant has previously produced all documents responsive to this Request.

59. Defendant has previously produced all documents responsive to this Request.

60. Defendant objects to this Request to the extent that it is overly broad. Defendant further objects to this Request to the extent it asserts or implies that Alodine 1200 Type 1 Class 1A is a product of Defendant, as Defendant does not manufacture, distribute, or sell Alodine. Subject to and without waiving the following objections, to the extent not

already produced, Defendant will produce all responsive, non-privileged, documents described in paragraph 60 at a time and place mutually convenient to respective counsel for the parties.

61. Defendant objects to this Request because it attempts to impose upon Defendant an obligation different from or in addition to those imposed by the Federal Rules of Civil Procedure, in that it does not seek the production of documents or things.

62. Defendant objects to this Request as vague and ambiguous. Defendant further objects to this Request to the extent it asserts or implies that Alodine 1200 Type 1 Class 1A is a product of Defendant, as Defendant does not manufacture, distribute, or sell Alodine.

63. Defendant objects to this request as vague and ambiguous. Defendant further objects to this Request to the extent it asserts or implies that Alodine 1200 Type 1 Class 1A is a product of Defendant, as Defendant does not manufacture, distribute, or sell Alodine.

64. Defendant has previously produced all documents responsive to this Request.

**SMITH, GAMBRELL & RUSSELL, LLP**

By: s/ James H. Cummings
Dana G. Bradford II
Florida Bar No.: 167542
dbradford@sgrlaw.com
apelegrin@sgrlaw.com
dmsmith@sgrlaw.com
James H. Cummings
Florida Bar No.: 27657
jcummings@sgrlaw.com
apelegrin@sgrlaw.com
50 N. Laura Street, Suite 2600
Jacksonville, FL 32202
Telephone: (904) 598-6127
Facsimile: (904) 598-6227

Attorneys for Defendant
Mankiewicz Coatings, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on February 26, 2015, the foregoing document is being served on those attorneys and persons identified via email as follows:

Robert C. Owens, Esq.
ROBERT C. OWENS, P.A.
18890 SW 264th Street
Miami (Homestead), Florida 33031
Telephone: 305-245-6813
Facsimile: 305-245-6403
Email: bobowens@avlaw.com
Attorney for Plaintiff
Hawaiian Airlines Limited

Christopher R. Christensen, Esq.
Email: cchristensen@condonlaw.com
Anthony U. Battista, Esq.
Email: abattista@condonlaw.com
Condon & Forsyth LLP
7 Times Square
New York, New York 10036
Telephone: 212-490-9100
Facsimile: 212-370-4453

s/ James H. Cummings
Attorney